**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**622 THIRD AVENUE COMPANY, LLC.,**

        **Plaintiff,**

        **v.**

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA and HARLEYSVILLE WORCESTER INSURANCE COMPANY,**

        **Defendants.**

---

**Civil Action No. 21 cv 06050 (KPF)**

**STIPULATED PROTECTIVE ORDER**

**ECF CASE**



---

<u>**STIPULATED PROTECTIVE ORDER**</u>

      **IT IS HEREBY STIPULATED AND AGREED,** by plaintiff 622 Third Avenue Company, LLC ("622 Third") and defendants National Fire Insurance Company of Hartford ("National Fire"), Travelers Property Casualty Company of America, i/s/h/a Travelers Casualty Insurance Company of America ("Travelers"), and Harleysville Worcester Insurance Company ("Harleysville"), that they, through their respective attorneys, regarding the production of materials in response to written notices for discovery and inspection, subpoenas or court order, that may include information that is confidential or information otherwise deemed inappropriate for public disclosure, therefore, the parties, through their respective counsel hereby stipulate, consent and agree as follows:

      1.      As used herein, the "Action" shall mean the lawsuit captioned <u>633 Third Avenue Company, LLC v. National Fire Insurance Company of Hartford, Travelers Casualty Insurance Company of America and Harleysville Worcester Insurance Company,</u> bearing Docket Number No. 21 cv 06050.

      2.      622 Third, National Fire,  Travelers, and Harleysville shall be referred to collectively as the "Parties" and individually a "Party".

3.      In order to designate documents or other material as "Confidential" within the meaning of this Stipulated Protective Order, the producing Party must affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or must designate such documents by title, Bates number, or other method reasonably calculated to give the receiving Party notice of the confidentiality designation, in a writing directed to the receiving Party's attorneys. Documents or other material designated in accordance with this provision shall constitute "Confidential Material."

a.      The producing Party may, upon written notice to all receiving Parties, designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

4.      Any such documents or information designated as confidential shall be subject to this Stipulated Protective Order and will be used only for the purpose of prosecuting (or defending) this declaratory judgment Action.  No Party or counsel shall use the Confidential Material for any purpose other than for the preparation or presentation of their case in the Action, except nothing noted herein shall limit a Party's use of its own Confidential Materials.

5.      Any Party may seek an order requiring that such Confidential Material be kept under seal by the Clerk until further order of the Court.

6.      The production of such Confidential Material by a Party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality which it may have.

7.      Upon the termination of this action, all materials designated as confidential, together with all originals and copies, shall either be returned to counsel for the producing Party or a letter from the recipient of the materials shall be provided to the producing Party certifying that all documents and copies have been either destroyed or will be maintained as protected and confidential for as long as their document retention policy requires and then destroyed.  However, nothing in this paragraph shall require the Court or court personnel to return documents upon the conclusion of the Action.

8.      Attorneys for a receiving Party shall not disclose the Confidential Materials to any person other than a Party, an attorney of record for that Party, or any member of the staff of that attorney's office, except under the following conditions:

      **a.**      Disclosure may be made only to the Parties in this Action or their attorneys, to third-party administrators for the Parties, to the Parties' reinsurers, to the Parties' corporate parents, to an expert or other consultant who has been retained or specially employed by a Party's attorneys to assist in this litigation, to a mediator, to a witness at a deposition in this Action, or to the Court.

      **b.**      Before any disclosure is made to an expert or other consultant who has been retained or specially employed by a Party's attorneys to assist in this litigation or to a mediator , the receiving Party's attorney shall provide each such person with a copy of this Stipulated Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit "A"*, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by that Party's attorneys and a copy shall be furnished to the producing Party upon request, but only with respect to those witnesses who are identified by a Party pursuant to the Federal Rules of Civil Procedure. Nothing in this provision shall require disclosure by a Party of the identity of non-testifying experts and/or consultants**.**

      **c.**      Any other person upon order of the Court or with the written consent of the producing Party, in accordance with (b) above.

9.      Deposition testimony concerning any Confidential Material that reveals the contents of such material shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Material within the meaning of this Stipulated Protective Order.

10.      Notwithstanding the foregoing provisions, where the Confidential Material is not material to issues addressed in Court submissions and the Parties agree in writing that the redaction of confidential information would be sufficient to protect the interests of the producing Party, the Parties may file redacted documents without further order of the Court.

      11.     This Stipulation will be filed with the Court bearing facsimile signatures of counsel as though originals.

**STIPULATED AND AGREED:**

Dated:  December 1, 2021
         New York, New York

| CHARTWELL LAW | REID & ASSOCIATES |
|---|---|
| By:s/<br><br>    Matthew D. Kraus<br>*Attorneys for Plaintiff*<br>622 Third Avenue Company, LLC<br>One Battery Park Plaza, Suite 710<br>New York, New York 10004<br>(212) 968-2300 | By:s/  Lisa Szczepanski (consent by email)<br>    Lisa Szczepanski<br>*Attorneys for Defendant*<br>Travelers Property Casualty Company of America, i/s/h/a Travelers Casualty Company of America<br>P.O. Box 2996<br>Hartford, Connecticut 06104-2996<br>(917)778-6680 |
| CNA Coverage Litigation Group<br><br>By:s/  Marian Hertz (consent by email)<br>    Marian S. Hertz<br>*Attorneys for Defendant*<br>National Fire Insurance Comp of Hartford<br>125 Broad Street, 7th Floor<br>New York, New York 10004<br>(917) 275-6851 | O'CONNOR REDD ORLANDO LLP<br><br>By:s/ Michael P. Hess (consent by email)<br>    Michael P. Hess<br>*Attorneys for Defendant*<br>Harleysville Worcester Insurance Company<br>242 King Street, P.O. Box 1000<br>Port Chester, New York 10573<br>(914) 686-1700 |

```
This confidentiality agreement does not bind the Court or any of its personnel.
The Court can modify this stipulation at any time.  The Court will retain
jurisdiction over the terms and conditions of this agreement only for the
pendency of this litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 9 of this Court's Individual Rules of Civil
Procedure.

Date:      December 2, 2021           SO ORDERED.
           New York, New York


                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE
```

4